IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-81780-CIV-MARRA

SREAM, INC., a California corporation,

    Plaintiff,

v.

TWO BROTHERS INVESTMENT OF
PALM BEACH, INC., a Florida corporation,

    Defendant.
_____/

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S AMENDED RESPONSE
TO DEFENDANT'S ORIGINAL MOTION TO DISMISS [D.E. 9]**

Defendant Two Brothers Investment of Palm Beach, Inc. ("Two Brothers or "Defendant"), by and through undersigned counsel, hereby files the instant Motion to Strike the out-of-time Amended Response [D.E. 23] ("the Amended Response") by Plaintiff Sream, Inc. ("Sream" or "Plaintiff") to Defendant's original Motion to Dismiss [D.E. 9], and states as follows:

**I.    PROCEDURAL BACKGROUND.**

Plaintiff's Amended Response is, in essence, a preemptive and improper response to a Motion to Dismiss Amended Complaint that has not even been filed, nor has leave been granted to file an Amended Complaint. The Amended Response filed by Plaintiff is entirely improper under the Local Rules of this Court and the Federal Rules of Civil Procedure and should be stricken.

On April 11, 2017, this Court held Defendant's Motion to Dismiss in abeyance [D.E. 17], providing an opportunity for Plaintiff to come forward with evidence of its standing. Instead, Plaintiff filed a Motion for Leave to Amend [D.E. 18], attaching an Amended Complaint [D.E. 18-1] that contains flaws that prevent Plaintiff from properly stating a cause of action. No license

1

agreement or proof of standing is attached to the Amended Complaint. On May 8, 2017, Defendant filed an Amended Response and Memorandum in Opposition to Plaintiff's Motion for Leave to Amend Complaint [D.E. 21], arguing that Plaintiff's Motion for Leave and the Amended Complaint did not adhere to the Court's Order of April 11th (outlining that "the proper course of action is for Plaintiff to produce evidence for the Court's consideration on the standing issue"). On May 10, 2017, Plaintiff filed the Amended Response, effectively updating its original Response in Opposition to Defendant's Motion to Dismiss from January 30th. The Amended Response is clearly designed to bolster Plaintiff's Reply in support of its Motion for Leave to Amend [D.E. 24], as well as its spurious Amended Complaint. For the reasons discussed below, the Amended Response should be stricken.

## II.     STANDARD.

Federal Rule of Civil Procedure 12(f) allows for the striking of any redundant, immaterial, impertinent, or scandalous matter. Local Rule 7.1(c), Southern District of Florida, states that

> each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion…[t]he movant may, within seven (7) days after service of an opposing memorandum of law, serve a reply memorandum in support of the motion...[n]o further or additional memoranda of law shall be filed without prior leave of Court.

Additionally, Federal Rule of Civil Procedure 15(a)(2), entitled "Other Amendments," states that "a party may amend its pleading only with the opposing party's written consent or the court's leave." "If an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval." *See* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1484 (3d ed. 2010). The Eleventh Circuit has recognized:

> In general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval.

*See Hoover v. Blue Cross and Blue Shield of Ala.*, 855 F.2d 1538, 1544 (11th Cir. 1988) (quoting 6 Federal Practice & Procedure § 1485 at 421 (1971)). *See also, Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) (denial of leave to amend is justified when amendment would cause "undue delay, bad faith, dilatory motive on the part of the movant...undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.").

### III.     ARGUMENT.

Plaintiff's rationale for filing the Amended Response is the result of its Motion for Leave to file Amended Complaint, which is pending and which has now been fully briefed by the parties. Given that this Court previously ordered that Defendant's Motion to Dismiss is held in abeyance, Plaintiff's Amended Response is clearly an attempt to preemptively and proactively argue against any forthcoming motion to dismiss the Amended Complaint. Despite opposition, Plaintiff already assumes that leave will be granted, and Plaintiff hopes to bolster its reply to its Motion for Leave by now exhibiting to the Court how it plans to oppose any motion to dismiss in the future. Plaintiff's tactics are wholly improper, prejudicial, and in contravention to both the Florida Rules of Civil Procedure and the Local Rules of this Court. The Motion to Dismiss originally filed by Defendant was fully briefed in February of this year, and this Court should reject and strike Plaintiff's improper Amended Response.

Florida District Courts routinely refuse to consider improperly filed papers, and Plaintiff's Amended Response should be no exception. *See Andrews v. CSX Transp., Inc.*, 737 F. Supp. 2d 1342, 1364 n. 9 (M.D. Fla. August 2, 2010) ("Andrews cannot raise this new unpleaded claim in his response to a motion for summary judgment without first obtaining leave to amend his

3

complaint.") (citing *Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)). *See also, Hunt v. Dep't of the Air Force*, 29 F.3d 583, 585 (11th Cir. 1994) ("Plaintiff filed an amended response to Defendant's motion to dismiss without leave of court. Finding no substantial reason to allow Plaintiff to file an amended response, the district court denied Plaintiff's motion on September 27, 1991."); *Wennersten v. Commercial Diver Servs., N.A.*, 2012 U.S. Dist. LEXIS 109466, at *1-2 n.1 (S.D. Fla. Aug. 3, 2012) ("Notwithstanding the impropriety of filing this 'Amended Response' without first obtaining leave of court, the Court may not consider materials outside the complaint when ruling upon a motion to dismiss."). The Amended Response should be stricken.

## IV. CONCLUSION.

As set forth above, the Amended Response should be stricken as it is improper as a matter of law. In the event the Court allows the Amended Response to stand, Defendant prays the Court will allow Defendant to file a Reply to the Amended Response.

WHEREFORE, Defendant prays the Court issue an Order striking the Amended Response.

Respectfully submitted,

By: */s/Robert R. Jimenez*
Jorge Espinosa
Fla. Bar No. 779032
jespinosa@etlaw.com
Robert R. Jimenez
Fla. Bar. No. 72020
rjimenez@etlaw.com
**ESPINOSA TRUEBA MARTINEZ, PL**
1428 Brickell Avenue, Suite 100
Miami, Florida 33131
Tel: (305) 854-0900
Fax: (855) 854-0900

*Attorneys for Defendant Two Brothers of Palm Beach, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of May, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

By:  */s/Robert R. Jimenez*
Robert R. Jimenez

## SERVICE LIST

*Sream, Inc. v. Two Brothers Investment of Palm Beach, Inc.*
Case No. 16-81780-CIV-MARRA
In the United States District Court for the Southern District of Florida

Jorge Espinosa, Esq.
E-mail:  jespinosa@etlaw.com
Robert R. Jimenez, Esq.
E-mail:  rjimenez@etlaw.com
**ESPINOSA TRUEBA MARTINEZ, PL**
1428 Brickell Avenue
Suite 100
Miami, FL 33131
Tel: (305) 854-0900
Fax: (855) 854-0900
*Attorneys for Defendant*
**Via CM/ECF**

Jamie Alan Sasson, Esq.
Richard M. Morris
Serv513@LegalBrains.com
Serve548@LegalBrains.com
**THE TICKTIN LAW GROUP, PLLC**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Tel: (954) 570-6757
Fax: (954) 570-6760
*Attorney for Plaintiff*
**Via CM/ECF**