UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-81780-CIV-MARRA/MATTHEWMAN

SREAM, INC., a California Corporation,

    Plaintiff,

v.

TWO BROTHERS INVESTMENT
OF PALM BEACH, INC., a Florida Corporation,

    Defendant.
_____/

FILED by \_\_\_ D.C.
OCT 1 8 2017
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT FOR LACK OF STANDING AND FAILURE TO STATE A CLAIM [DE 29]

**THIS CAUSE** is before the Court upon Defendant, Two Brothers Investment of Palm Beach, Inc.'s ("Defendant") Motion to Dismiss Amended Complaint for Lack of Standing and Failure to State a Claim ("Motion") [DE 29]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra for appropriate disposition after the parties consented to magistrate jurisdiction for the motion to dismiss and all related motions, including the entry of final judgment with respect to the motion to dismiss, if applicable. *See* DEs 36, 39. Plaintiff, Sream, Inc. ("Plaintiff"), filed a Response [DE 30], Defendant filed a Reply [DE 31], Plaintiff filed a Notice of Filing Supplemental Authority in Opposition to Defendant's Motion to Dismiss Amended Complaint [DE 34], and Plaintiff filed a Sur-reply [DE 41] with leave of the Court. The matter is now ripe for review.

### I.    BACKGROUND

Plaintiffs initially filed a Complaint on October 21, 2016, alleging trademark infringement,

1

trademark counterfeiting, false designation of origin/unfair competition, and violation of Florida Deceptive and Unfair Trade Practices Act. [Compl. DE 1]. On January 30, 2017, Defendant filed a Motion and Memorandum of Law to Dismiss Complaint for Lack of Standing and Failure to State a Claim [DE 9]. On April 24, 2017, Plaintiff filed a Motion for Leave to Amend Complaint [DE 18]. On May 18, 2017, the Court denied Defendant's motion to dismiss as moot and without prejudice and granted Plaintiff's motion to amend. *See* DE 26. In the May 18th Order, the Court specifically stated

> Plaintiff is cautioned that it must produce evidence to support its allegation of standing, should Defendant raise a factual attack on the amended complaint. The filing of an amended complaint does not necessarily cure the standing issue raised by Defendant. Moreover, Defendant may reassert its arguments pursuant to Rule 12(b)(6) if its deems it appropriate. Plaintiff is simply being [given] the opportunity to travel under an amended complaint and produce evidence to establish subject matter jurisdiction.

*Id.* at p. 2.

On May 23, 2017, Plaintiff filed an Amended Complaint [DE 28]. The Amended Complaint alleges trademark infringement, in violation of 15 U.S.C. § 1114 (Count 1), trademark counterfeiting, in violation of 15 U.S.C. § 1116 (Count 2), false designation of origin/unfair competition, in violation of 15 U.S.C. § 1125 (Count 3), and violation of Florida Deceptive and Unfair Trade Practices Act (Count 4). [Amended Compl., DE 28]. According to Plaintiff, Mr. Martin Birzle d/b/a RooR ("RooR") is an award-winning designer and manufacturer of smoker's products, and Plaintiff has been the exclusive licensee of the RooR Mark in the United States since at least August 2013. *Id.* at ¶¶ 9, 12. Plaintiff has a licensing agreement with RooR pursuant to which Plaintiff has manufactured water pipes under the RooR Marks and has advertised, marketed, and distributed water pipes, water pipe parts, and other smoker's articles in association with the RooR Marks. *Id.* at ¶ 12. RooR is the exclusive owner of the federally registered and common

law trademarks. *Id.* at ¶ 14.

The Amended Complaint alleges that, because authentic RooR-branded products sell for higher prices, RooR products are frequent targets of counterfeiters. [Amended Compl., DE 28 at ¶ 16]. The Amended Complaint further alleges that Defendant is in the business of selling goods, including water pipes, and that Defendant has sold goods affixed with the RooR trademark. *Id.* at ¶ 20. According to Plaintiff, Defendant has, without Plaintiff's consent, sold goods with the "RooR" Marks using reproductions, counterfeits, copies and/or colorable imitations. *Id.* at ¶ 21. Specifically, Defendant sold a water pipe to Plaintiff's investigator that had a RooR brand trademark affixed to it which was a counterfeit good. *Id.* at ¶¶ 22-23.

On May 24, 2017, Defendant filed its Motion to Dismiss [DE 29], which is currently pending before the Court.

## II. MOTION, RESPONSE, REPLY, AND SUR-REPLY

a. Motion

In the Motion, Defendant first argues that Plaintiff has failed to establish standing because Plaintiff failed to properly state an interest in the trademarks at issue, and no license is attached to the Amended Complaint. [DE 29, p. 3]. Defendant asserts that the three marks listed in the Amended Complaint "are not registered to RooR, but, rather to [Martin] Birzle, and the only license that has been provided (not even attached to the Amended Complaint) is executed by an individual in what is seemingly their personal capacity." *Id.* Defendant further contends that Plaintiff's "strained alternating use of Birzle and RooR in the Amended Complaint makes it impossible to determine if standing is proper." *Id.* Defendant also points out contradictions between the Complaint and Amended Complaint and between the Amended Complaint and certain public records. *Id.* at p. 5.

Defendant's second argument in the Motion is that Plaintiff's trademark claims in Florida are barred by the "Unlawful Use Doctrine" because the allegations in the Complaint and the Amended Complaint are based on facts that predate Plaintiff's recent registration of the RooR fictitious name in Florida. [DE 29, p. 5]. Defendant argues that amendment of the complaint would be futile "because Plaintiff cannot show lawful use in Florida commerce at any time prior to or even after filing the Amended Complaint (or even the original Complaint)." *Id.* at p. 7.

b. <u>Response</u>

In its Response [DE 30], Plaintiff asserts that it has attached Plaintiff's exclusive licensing agreement for the RooR trademarks at issue to its Response and that the agreement gives Plaintiff the standing to maintain this action. *Id.* at p. 4. The licensing agreement is between Martin Birzle and Plaintiff. *Id.* Plaintiff contends that the Amended Complaint is not confusing regarding standing as it states that both Plaintiff and Birzle use the trademark "RooR" as their d/b/a. *Id.*

Plaintiff maintains that the allegations in the Amended Complaint meet the pleading requirements of Federal Rule of Civil Procedure 8(a)(2), so Plaintiff was not required to attach its licensing agreement or the registrations for the RooR Marks to the Amended Complaint. [DE 30, p. 5]. Plaintiff specifically argues that the allegations in the Amended Complaint "sufficiently state that the Plaintiff has been the exclusive licensee for the RooR trademarks since 2013," and the allegations "articulate the Plaintiff's interest in the trademarks as an exclusive licensee, and give the Defendant fair notice of the interest upon which the Plaintiff asserts its claims." *Id.* at p. 6.

Plaintiff additionally argues in its Response that its trademark claims in Florida are not barred by the "unlawful use" doctrine. [DE 30, p. 6]. Plaintiff asserts that it was not required to

4

register its fictitious name "RooR" with the Florida Division of Corporations because "fictitious name statutory provisions are not generally applicable to transactions constituting interstate commerce." *Id.* Finally, Plaintiff contends that "should this Court determine that the Plaintiff was required to register its fictitious name 'RooR,' the Plaintiff's compliance should be waived, because the Plaintiff's failure to previously register its fictitious name does not violate the purpose of the statute." *Id.* at p. 8.

    c. Reply

In its Reply, Defendant argues that it has proof that the 2013 licensing agreement attached to the Response was ineffective. [DE 31, p. 2]. Attached to the Reply as Exhibit A is another licensing agreement dated April 11, 2017, which has been produced by Plaintiff in a related case. *Id.* Defendant argues that the 2017 licensing agreement establishes that "Martin Birzle licensed nothing to Plaintiff when he attempted to act on behalf of Roor, Inc. in 2013." *Id.* at p. 3. Defendant contends the "morass of contradictory allegations and broken chains of licenses/assignments indicate that something is so very obviously wrong with the picture that Plaintiff tries to paint. At bottom, the 2013 License transferred no rights to Plaintiff because the 2017 License makes it clear that Martin Birzle was acting on behalf of Roor, Inc., who does not own the federal registrations for ROOR." *Id.* Defendant further points out that there is no chain of assignments from an individual named Jay Faraj back to Birzle or directly to Plaintiff. *Id.* at pp. 3-4. Defendant maintains that Birzle is the only person who could possibly have standing in this lawsuit. *Id.* at p. 4.

With regard to the "Unlawful Use Doctrine" argument, Defendant argues that Plaintiff alleged in the Amended Complaint that it does conduct business in Florida, so Plaintiff's argument in its Response that it does not transact business in Florida is inconsistent with the Amended

Complaint. [DE 31, p. 5]. Defendant also argues that Plaintiff's Application for Registration that Plaintiff filed with the Department of State, attached to the Reply as Exhibit B, contradicts Plaintiff's argument in its Response. *Id.* Defendant contends that the "argument that Plaintiff does not conduct business in Florida sufficient to trigger the prohibition on engaging in business under an unregistered fictitious name is simply untrue according to Plaintiff's own Amended Complaint." *Id.* at p. 6. Finally, Defendant argues that "additional amendments would still be futile because Plaintiff cannot show lawful use in Florida commerce at any time prior to or even after filing the Amended Complaint" and because Plaintiff cannot establish standing. *Id.* at p. 7.

d. <u>Sur-reply</u>

In its Sur-reply, Plaintiff argues that the 2017 licensing agreement attached to Defendant's Reply is invalid, so the 2013 licensing agreement is unaffected by it. [DE 41, p. 2]. According to Plaintiff, "RooR, Inc. never acquired the rights that would entitle it to collect royalties from a licensee. Therefore, the fact that Martin Birzle never assigned ownership of the RooR Marks to RooR, Inc., represents a failure of consideration thus, precluding the formation of a valid and binding agreement." *Id.* Plaintiff next asserts that, even if the 2017 agreement were valid, Defendant's interpretation of the agreement is incorrect. *Id.* at p. 3. Plaintiff contends that it has adequately alleged standing in the Amended Complaint and has provided "conclusive evidence in support of such by attaching the 2013 Agreement to its Response." *Id.* at pp. 3-4. Plaintiff maintains that Birzle owns the trademarks at issues, he licensed them to Plaintiff in 2013, and Jarir Farraj, the CFO of Plaintiff, executed the agreement on the company's behalf. *Id.* at p. 4. Plaintiff argues that the Complaint and Amended Complaint do not contain contradictory allegations and that the Amended Complaint simply corrected a mistake in the Complaint when it distinguished between Birzle and RooR. *Id.*

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "'only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When a court considers a motion to dismiss pursuant to Rule 12(b)(6), it must accept the factual allegations in the complaint as true and decide whether the allegations "raise a right to relief above the speculative level." *Id.* at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Federal courts are courts of limited jurisdiction"; they "possess only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The United States Constitution limits the jurisdiction of federal courts to "cases" and "controversies," and the standing doctrine limits the types of "cases" and "controversies" that a court may hear to those that are "appropriately resolved through the judicial process." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992). "Standing for Article III purposes requires a plaintiff to provide evidence of an injury in fact, causation and redress[a]bility." *Dermer v. Miami-Dade Cty.*, 599 F.3d 1217, 1220 (11th Cir. 2010) (citing *Lujan*, 504 U.S. at 560-61). "[T]o have standing, a plaintiff must show (1) he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to conduct of the defendant; and (3) it is likely, not

just merely speculative, that the injury will be redressed by a favorable decision." *Kelly v. Harris*, 331 F.3d 817, 819-20 (11th Cir. 2003).

"[A] motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) can be based upon either a facial or factual challenge to the complaint." *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). If the challenge is facial rather than factual, "the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised." *Id.* Therefore, "the court must consider the allegations in the plaintiff's complaint as true." *Id.* "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *Id.* (quoting *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir.1990)). "Factual attacks" instead challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." *Id.*

"In assessing the propriety of a motion for dismissal under Fed. R. Civ. P. 12(b)(1), a district court is not limited to an inquiry into disputed facts; it may hear conflicting evidence and decide for itself the factual issues that determine jurisdiction." *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991). "When a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1), the district court is free to independently weigh facts and 'may proceed as it never could under Rule 12(b)(6) or Fed. R. Civ. P. 56.'" *Turcios v. Delicias Hispanas Corp.*, 275 F. App'x 879, 880 (11th Cir. 2008) (quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003).

## IV. DISCUSSION AND ANALYSIS

a. Legal Standing

"Absent legal title to a registered trademark, a plaintiff lacks the legally protected interest necessary to establish standing to bring a trademark claim under the Lanham Act." *Sream, Inc. v. LB Smoke Shop, Inc.*, No. 16-CV-24936-PCH, 2017 WL 2735575, at *3 (S.D. Fla. June 23, 2017) (citing 15 U.S.C. § 1127; *Fla. Virtual Sch. v. K12, Inc.*, 735 F.3d 1271, 1273 (11th Cir. 2013); *Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774, 780 (Fed. Cir. 1996), amended in part on reh'g, 104 F.3d 1296 (Fed. Cir. 1996)). "However, trademarks—like other personal property—may be conveyed from the registrant to others." *Id.* (citing *Gaia Techs.*, 93 F.3d at 777; 15 U.S.C. § 1060.). "Further, 'a truly exclusive licensee, one who has the right even to exclude his licensor from using the mark[,] is equated with an assignee' for the purpose of bringing suit to enforce the mark. *Id.* (citing *Fin. Inv. Co. (Bermuda) v. Geberit AG*, 165 F.3d 526, 531-32 (7th Cir. 1998) (internal quotation and citation omitted)). "[E]clusive licensees of trademarks have standing to sue to protect a trademark from infringement[.]" *Aceto Corp. v. Therapeutics MD, Inc.*, 953 F.Supp.2d 1269, 1281 (S.D. Fla. 2013) (citing *Geltec Solutions, Inc. v. Marteal Ltd.*, 2010 WL 1791423, at *4 (S.D. Fla. May 5, 2010)).

Here, Defendant has made a factual attack as to Plaintiff's standing in this case. Therefore, Plaintiff properly attached a 2013 licensing agreement to its Response to the Motion. Additionally, Plaintiff alleges in the Amended Complaint that Martin Birzle does business as RooR and that "RooR (i.e., Mr. Martin Birzle) is the exclusive owner of the federally registered and common law trademarks." [DE 28 at ¶¶ 9, 14]. The Amended Complaint provides a partial list of RooR's trademarks and their U.S. Trademark Registration Numbers. *Id.* at ¶ 14. Plaintiff also alleges that it has been "the exclusive licensee of the RooR Mark in the United States" since

"at least August 2013" and has "been granted all enforcement rights to sue to obtain injunctive and monetary relief for past and future infringement of the RooR Marks." *Id.* at ¶¶ 12, 19. Further, Plaintiff alleges that "[t]hrough the extensive use of the mark, RooR and its exclusive licensee [Plaintiff], have built up and developed significant goodwill in the entire RooR product line." *Id.* at ¶ 13.

Other courts have found in cases involving the same facts, the same Plaintiff, and a virtually identical complaint that the complaint, especially when viewed along with the licensing agreement, establishes standing. *See Sream, Inc. v. LB Smoke Shop, Inc.*, No. 16-CV-24936-PCH, 2017 WL 2735575, at *1 (S.D. Fla. June 23, 2017); *Sream, Inc. v. S&M Smoke Shop, LLC*, No. 2:16-cv-14407-Martinez, DE 31, Order Denying Motion to Dismiss (July 13, 2017). The Court agrees with the other courts' analysis and rulings.

The only complication in this case is that Defendant argues that a 2017 licensing agreement proves that the 2013 licensing agreement was not valid. The Court disagrees. The 2017 licensing agreement, on its face, does not necessarily prove to the Court—at the motion to dismiss stage—that the 2013 licensing agreement is invalid. Moreover, Plaintiff explains in its Sur-reply that the 2017 licensing agreement was never valid, and, even if it were valid, Birzle owns the trademarks at issues, he licensed them to Plaintiff in 2013, and Jarir Farraj, the CFO of Plaintiff, executed the 2013 licensing agreement on the company's behalf. Construing the pleadings and the additional evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff has sufficiently pled standing in the Amended Complaint. This is a case where jurisdictional discovery may be appropriate to clarify the evidence. Further, this issue is better resolved by the Court at the summary judgment stage after further discovery takes place.

### b. Unlawful Use Doctrine

"Generally, the existence of an affirmative defense will not support a motion to dismiss, *Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984), *aff'd on reh'g*, 764 F.2d 1400 (11th Cir. 1985) (en banc) (per curiam) (reinstating panel opinion), because plaintiffs are not required to negate an affirmative defense in their complaint, *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004)." *Absolute Activist Value Master Fund Ltd. v. Devine*, 233 F. Supp. 3d 1297, 1328 (M.D. Fla. 2017). However, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *de Veloz v. Miami-Dade Cty.*, No. 16-23925-CIV, 2017 WL 2472562, at *5 (S.D. Fla. June 8, 2017) (citing *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003)). "An affirmative defense is not a jurisdictional requirement; '[i]t is a defense that may be pled in a case which is already within the court's authority to decide, and the ability of a party to assert such a defense has nothing to do with the court's power to resolve the case.'" *In re Chiquita Brands Int'l, Inc. Alien Tort Statute & S'holder Derivative Litig.*, 190 F. Supp. 3d 1100, 1114 (S.D. Fla. 2016) (citing *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008)).

The unlawful use doctrine is clearly an affirmative defense. Here, the allegations of the Amended Complaint, do not, on their face, show that the unlawful use affirmative defense bars recovery on the claim. Nowhere in the Amended Complaint does Plaintiff state that it filed an Application for Registration of Fictitious Name on April 19, 2017, or allude to the Florida statutes relied on by Defendant in its Motion. The cases cited by Defendant discussing the unlawful use doctrine primarily involve motions for summary judgment and are distinguishable from the pending Motion in this case. Defendant's argument is more appropriate for consideration by the

Court at the summary judgment stage after completion of further discovery.

Furthermore, "[t]he 'unlawful use doctrine' appears almost exclusively in the administrative setting, originating in United States Trademark Trial and Appeal Board ('TTAB') proceedings to oppose trademark applications or cancel registrations." *FN Herstal SA v. Clyde Armory Inc.*, 838 F.3d 1071, 1086 (11th Cir. 2016), cert. denied, 137 S. Ct. 1436 (2017). The doctrine has not been adopted by the Eleventh Circuit. *Id.* at p. 1087.

## V. CONCLUSION

In light of the foregoing, Defendant's Motion to Dismiss Amended Complaint for Lack of Standing and Failure to State a Claim [DE 29] is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of October, 2017.

WILLIAM MATTHEWMAN
United States Magistrate Judge